IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROLANDO BYNUM,**

    Plaintiff,

v.                                                                              Civil Action No. **3:09CV226**

**LT. SANFORD,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims

the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

Plaintiff is suing Defendants Lieutenant Sanford, Hearing Officer Saunders, and the Department of Corrections. Plaintiff's allegations are reproduced below:

> My rights were violated because I was denied due process of law under the U.S. Const[itution] by the following actions:
>
> (1) Denied Defendant's witnesses at the hearing by refusing to have witnesses present.
> (2) Found Defendant guilty without evidence of any injury in aggravated assault charge.
> (3) Imposed pre-hearing isolation of 15 days.
> (4) [The hearing officer] did not impose a fair and impartial hearing and did not give a verdict based on evidence.
> (5) Officials lied in this case and falsified state documents.

(Comp. 4 (capitalization corrected).) Plaintiff seeks $1,000,000 in damages, along with injunctive relief in the form of a new hearing.

The Due Process Clause[1] applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement or deprivation of property, Plaintiff must demonstrate that the confinement presents

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

3

"a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The only punishment identified by Plaintiff is a fifteen-day placement in isolation. Plaintiff fails to present any allegations that plausibly suggest that this limited confinement in isolation posed an "atypical and significant hardship." *Id.*; *see Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Odighizuwa v. Strouth*, Civil Action No. 7:06cv00720, 2007 WL 1170640, at *6 (W.D. Va. Apr. 17, 2007), *aff'd*, 261 F. App'x 498 (4th Cir. 2008) (No. 07-7089), *available at* 2008 WL 110937; *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd* 205 F. App'x 151 (4th Cir. 2006) (No. 05-6675), *available at* 2006 WL 2923707. Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, it is RECOMMENDED that this action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof.

*See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M.H.L.
M. Hannah Lauck
United States Magistrate Judge

Date: 8-5-09
Richmond, Virginia