IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JAN 11 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ROLANDO BYNUM, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:09CV226-HEH
)
LT. SANFORD, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing Action)

Plaintiff, a former Virginia inmate, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright

& Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

Plaintiff is suing Defendants Lieutenant Sanford, Hearing Officer Saunders, and the Department of Corrections. Plaintiff's allegations are reproduced below:

> My rights were violated because I was denied due process of law under the U.S. Const[itution] by the following actions:
>
> (1) Denied Defendant's witnesses at the hearing by refusing to have witnesses present.
> (2) Found Defendant guilty without evidence of any injury in aggravated assault charge.
> (3) Imposed pre-hearing isolation of 15 days.
> (4) [The hearing officer] did not impose a fair and impartial hearing and did not give a verdict based on evidence.
> (5) Officials lied in this case and falsified state documents.

(Comp. 4 (capitalization corrected).) Plaintiff seeks $1,000,000 in damages, along with injunctive relief in the form of a new hearing.

The Due Process Clause[1] applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement or deprivation of property, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

> The only punishment identified by Plaintiff is a fifteen-day placement in isolation. Plaintiff fails to present any allegations that plausibly suggest that this limited confinement in isolation posed an "atypical and significant hardship." *Id.*; *see Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Odighizuwa v. Strouth*, Civil Action No. 7:06cv00720, 2007 WL 1170640, at *6 (W.D. Va. Apr. 17, 2007), *aff'd*, 261 F. App'x 498 (4th Cir. 2008) (No. 07-7089), *available at* 2008 WL 110937; *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd* 205 F. App'x 151 (4th Cir. 2006) (No. 05-6675), *available at* 2006 WL 2923707. Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, it is RECOMMENDED that this action be DISMISSED.

(August 5, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. On September 3, 2009, the Court granted Plaintiff an extension of eleven (11) days to file objections or an amended complaint. More than eleven days have elapsed, and Plaintiff has not filed objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of

objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 11 2010
Richmond, Virginia